# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **DRUV POSTIWALA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **NO. 3:26-cv-00022** |
| **v.** | ) | |
| | ) | **JUDGE CAMPBELL** |
| **ARDENT HEALTH, INC. ET AL.,** | ) | **MAGISTRATE JUDGE FRENSLEY** |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

Pending before the Court is a Notice of Motion of Alexander Utkin for Appointment As Lead Plaintiff and Approval of Lead Counsel (Doc. No. 18) and a Motion of Dhruv Postiwala for Appointment as Lead Plaintiff and Approval of His Selection of Lead Counsel (Doc. No. 20). Mr. Postiwala filed a response in opposition to Mr. Utkin's motion (Doc. No. 25), and Mr. Utkin filed a notice on the same date (Doc. No. 24) advising that he did not oppose Mr. Postiwala's motion.

For the reasons discussed below, Mr. Postiwala's motion (Doc. No. 20) is **GRANTED** and Mr. Postiwala is appointed as lead Plaintiff in this case. Mr. Postiwala's selection of lead counsel is also **APPROVED**. Mr. Utkin's motion (Doc. No. 18) is **DENIED**.

## I. INTRODUCTION

Plaintiff Dhruv Postiwala brings this class action against Defendants Ardent Health, Inc. ("Ardent Health"), Martin Bonick, and Alfred Lumsdaine under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"). Mr. Postiwala alleges that Defendants violated the Exchange Act by making misrepresentations regarding Ardent Health's accounts receivable. (Doc. No. 1 ¶ 6). Specifically, Mr. Postiwala alleges that "Ardent Health misrepresented its accounts receivable, including the process by which it determined the

collectability of accounts receivable" which "allegedly allowed Ardent Health to report larger amounts of accounts receivable during the Class Period, and delay recognizing losses on uncollectable accounts." (Doc. No. 21 at 2). Plaintiff brings a claim against all Defendants for violating Section 10(b) of the Exchange Act and SEC Rule 10b-5 and against Mr. Bonick and Mr. Lumsdaine for violating Section 20(a) of the Exchange Act.

While Mr. Utkin filed a motion to be appointed as lead Plaintiff in this case, after reviewing Mr. Postiwala's motion, Mr. Utkin advised that he did not have the largest financial interest in this litigation and does not oppose Mr. Postiwala's appointment as lead Plaintiff. (*See generally* Doc. No. 25).

## II.     LEGAL STANDARD

"The [Private Securities Litigation Reform Act of 1995 ("PSLRA")] creates a structure for the Court's analysis in selecting the lead plaintiff. The first step is to verify that, within twenty days of filing the first lawsuit, the original plaintiff published a notice describing the claims asserted in the lawsuit and the alleged class period in a 'widely circulated national business-oriented publication or wire service.'" *Franchi v. SmileDirectClub, Inc.*, No. 3:19-CV-00962, 2020 WL 6479561, at *3 (M.D. Tenn. Jan. 27, 2020) (citation modified). The notice "must inform potential class members that if they wish to be appointed as lead plaintiff, they must make a motion for appointment within sixty days of the notice date." *Id.*

"Pursuant to the [PSLRA], the class member with the largest financial interest in the relief sought by the proposed class who also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the 'most adequate plaintiff'—*i.e.* the plaintiff most capable of adequately representing the interests of class members." *Farrah v. Provectus Biopharmaceuticals, Inc.*, 68 F. Supp. 3d 800, 802–03 (E.D. Tenn. 2014) (citation modified).

Determining which plaintiff has the largest financial interest in the relief sought by the class "can be a complicated question, as the PSLRA does not define the term and different methodologies are sometimes used to calculate financial interest" and "the method used and the factors considered in determining each movant's financial interest remain fully within the discretion of the district court." *Franchi v. SmileDirectClub, Inc.*, No. 3:19-CV-00962, 2020 WL 6479561, at *4 (M.D. Tenn. Jan. 27, 2020).

Notably, "[m]any courts determine the greatest financial interest by applying the '*Olsten-Lax* factors,' which direct a court to consider, for each potential lead plaintiff: (1) the number of shares purchased; (2) the number of net shares purchased (the difference between shares purchased and shares sold); (3) the total net funds expended (the difference between the amount spent on shares and the amount received from sale of shares); and (4) the approximate losses suffered. While courts vary in terms of the emphasis they give to each or any of these factors, this Court has adopted a policy of 'acknowledging the potential relevance of the first three *Olsten – Lax* factors, but giving the fourth factor the greatest weight.'" *Id.*

In addition, "[t]he Court must then appoint lead counsel, which will generally be lead plaintiff's selected counsel" and "[t]he Court must consider whether the proposed counsel are qualified, experienced, and generally able to conduct the litigation." *Id.*

### III.   ANALYSIS

Here, the Court finds that there is no dispute that the PSLRA notice requirements have been met as Mr. Postiwala filed the Complaint in this case on January 7, 2026 and published notice of the pendency of this action on *Business Wire* on January 8, 2026. Mr. Postiwala filed his motion in response to the notice on March 9, 2026. Accordingly, Mr. Postiwala's motion before the Court is timely.

3

Mr. Postiwala also contends that he has the largest financial interest in the relief sought by the class, which appears to be undisputed. Specifically, Mr. Postiwala claims that he incurred approximately $39,000 in losses on his investments in Ardent Health securities during the relevant time period. There has been no evidence presented to the Court of a proposed class member with a larger financial interest than Mr. Postiwala.

Mr. Postiwala also contends that his claims or defenses are typical of the claims or defenses of the proposed class and that he will fairly and adequately represent the proposed class. It appears undisputed that Mr. Postiwala satisfies the elements of Rule 23. Mr. Postiwala alleges that he purchased Ardent Health securities during the class period, that he purchased the securities at prices artificially inflated by Defendants' false and misleading statements and/or omissions, and that he suffered damages as a result. These claims are the same as those brought by other proposed class members. Accordingly, the Court finds that Mr. Postiwala's claims are typical to those of the other proposed class members.

Moreover, the Court finds that Mr. Postiwala will fairly and adequately protect the interests of the class as he has a sufficient interest in the outcome of the case to ensure vigorous advocacy and no conflict has been identified between Mr. Postiwala and the proposed class members.

Mr. Postiwala also seeks approval of Bleichmar Fonti & Auld LLP ("BFA") as lead counsel. Mr. Postiwala represents that BFA's partners have served as lead and co-lead counsel "on behalf of dozens of investors in securities class actions and have secured significant recoveries on behalf of investors in some of the most prominent fraud cases in recent decades." (Doc. No. 21 at 8). The Court finds that counsel are qualified, experienced, and able to conduct the litigation.

## IV.    CONCLUSION

For the reasons stated herein, Mr. Postiwala's motion (Doc. No. 20) is **GRANTED** and Mr. Postiwala is appointed as lead Plaintiff in this case. Mr. Postiwala's selection of lead counsel is also **APPROVED**. Mr. Utkin's motion (Doc. No. 18) is **DENIED**.

It is so **ORDERED**.

WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE